OPINION
{¶ 1} Following the theft of copper from the Dayton Power Light Company and the Miami Valley Regional Transit Authority, Defendant, Charles Strickland, was indicted on one count of breaking and entering, R.C. 2911.13(A), one count of receiving stolen property, R.C.2913.51(A), and two counts of *Page 2 
vandalism, R.C. 2909.05(B)(1)(a). Pursuant to a negotiated plea agreement, the parties agreed to amend the two vandalism charges in the indictment to receiving stolen property in violation of R.C. 2913.51(A), and waive any error in so amending the indictment. Defendant then entered pleas of no contest to one count of breaking and entering and three counts of receiving stolen property. In exchange, the State agreed to recommend that all of the sentences for the receiving stolen property charges run concurrently. At the sentencing hearing the parties agreed to and recommended concurrent sentences of one year on each charge. The trial court approved and imposed that agreed sentence of concurrent one year prison terms on each charge.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. *Page 3 
 {¶ 3} Defendant's appellate counsel has identified three potential issues for appeal:
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "APPELLANT, CHARLES STRICKLAND, DID NOT INTELLIGENTLY, KNOWINGLY, AND VOLUNTARILY ENTER HIS PLEA OF GUILTY."
 {¶ 5} Due process requires the entry of a plea of guilty or no contest to be knowing, intelligent and voluntary. State v. Engle,74 Ohio St.3d 525, 1996-Ohio-179. In order to implement that guarantee, a trial court, before accepting a plea, must engage in an oral dialogue with the Defendant in compliance with Crim.R. 11(C)(2)(a)-(c). An examination of the record of the plea hearing in this case amply demonstrates that the trial court fully complied with the requirements of Crim.R. 11(C)(2) before accepting Defendant's no contest pleas. On this record, there is no arguable merit to the claim that Defendant did not knowingly, intelligently, and voluntarily enter his pleas.
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING MORE THAN THE MINIMUM SENTENCE ALLOWABLE ON THE APPELLANT, THEREBY VIOLATING THE APPELLANT'SSIXTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION." *Page 4 
 {¶ 7} Pursuant to R.C. 2929.14(B), a trial court imposing a prison term for a felony must impose the shortest prison term authorized for the offense, unless the court first makes one of the specific findings set forth in R.C. 2929.14(B)(1) or (2). The offenses Defendant pled no contest to in this case are all felonies of the fifth degree. The punishment for such offenses includes a prison term of six, seven, eight, nine, ten, eleven or twelve months. R.C. 2929.14(A)(5). The trial court sentenced Defendant to concurrent prison terms of twelve months on each offense, without making the findings in R.C. 2929.14(B)(1) or (2).
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that the findings requirement of R.C. 2929.14(B) is unconstitutional, that trial courts are not required to make any findings or give any reasons before imposing maximum, consecutive, or more than the minimum sentence, and that courts may impose any sentence within the applicable statutory range, as Defendant's sentence is. Furthermore, in this case the trial court imposed an agreed sentence recommended by the parties, and accordingly, Defendant's sentence is not reviewable on appeal. R.C. 2953.08(D)(1). There is no arguable merit to the claim that the trial court erred in imposing more than the minimum *Page 5 
sentence.
THIRD ASSIGNMENT OF ERROR
 {¶ 9} "APPELLANT, CHARLES STRICKLAND, HAD INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT LEVEL."
 {¶ 10} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 11} On the record before us there is no basis to even suggest, much less demonstrate, that counsel performed deficiently. Counsel's efforts resulted in reduced charges, all fifth degree felonies rather than third degree felony vandalism charges, and concurrent sentences. Accordingly, it is unnecessary to consider whether Defendant was prejudiced by counsel's deficient performance. State v. Madrigal, 87 Ohio St.3d 378,2000-Ohio-448. There is no arguable merit to the claim that Defendant was deprived of the effective assistance of counsel at trial. *Page 6 
 {¶ 12} In addition to reviewing the possible issues raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1