OPINION
{¶ 1} Terrence L. Wilson appeals from the denial of his petition for post-conviction relief by the Montgomery County Court of Common Pleas. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} On September 9, 2004, Wilson was indicted for eleven counts of forcible rape *Page 2 
of a child under thirteen years old, in violation of R.C.2907.02(A)(1)(B); twelve counts of forcible rape, in violation of R.C.2907.02(A)(2); and one count of possession of crack cocaine. After a jury trial, Wilson was convicted of all charges. On January 14, 2005, the trial court sentenced him to life in prison on the child rape counts, to three years in prison on ten of the forcible rape counts, to be served concurrently, and to six months in prison for possession of crack cocaine. The court sentenced Wilson to ten years in prison on the remaining two counts of forcible rape (counts 22 and 23 of the indictment), to be served consecutively to each other and to the other sentences, for an aggregate sentence of life plus twenty years in prison. On January 18, 2005, the court designated Wilson a sexually oriented offender.
 {¶ 3} Wilson appealed from his conviction. He raised eight assignments of error, including an assertion that, because the jury did not make the findings required by R.C. 2929.14(B) beyond a reasonable doubt, the trial court erred in imposing maximum and consecutive sentences for counts 22 and 23. The transcripts of proceedings from the trial court were filed on April 8, 2005. On December 16, 2005, we overruled each assignment of error and affirmed the trial court's judgment. State v.Wilson, Montgomery App. No. 20910, 2005-Ohio-6666.
 {¶ 4} On May 31, 2006, Wilson filed a petition for post-conviction relief, arguing that the trial court imposed an unconstitutional sentence when it sentenced him to non-minimum and consecutive sentences. Wilson further argued that, upon resentencing, applying State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to his case would violate the Ex Post Facto Clauses of the United States and Ohio Constitutions. The state moved for summary judgment on Wilson's petition. On July 13, 2006, the trial court granted summary judgment to *Page 3 
the state. The court concluded that Wilson's argument did not require evidence outside of the record and, thus, it was not appropriate for post-conviction relief. The court further found that Wilson's petition was untimely, and that he did not satisfy the burden under R.C. 2953.23
related to untimely petitions. Although the court stated that it need not address the merits of Wilson's petition, it indicated thatFoster did not apply retroactively to Wilson's case. Finally, the court concluded that Wilson was not entitled to a hearing on his motion or to the appointment of counsel.
 {¶ 5} On September 1, 2006, Wilson filed a motion for a delayed appeal with the Supreme Court of Ohio. The supreme court denied the motion.
 {¶ 6} Wilson has appealed from the denial of his petition for post-conviction relief. In his sole assignment of error, Wilson claims that the trial court erred in imposing maximum and consecutive sentences for counts 22 and 23, and that any sentence greater than a minimum and concurrent sentence upon remand would violate the Ex Post Facto Clause. R.C. 2953.21(A)(2) sets forth the time limitation for filing a petition for post-conviction relief. It provides, in pertinent part:
 {¶ 7} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 4 
 {¶ 8} Under RC 2953.23(A)(1), a court "may not entertain a petition filed after the expiration of the period" set forth in R.C.2953.21(A)(2) unless both of the following apply:
 {¶ 9} "Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right";and
 {¶ 10} "The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 11} Because Wilson filed a direct appeal, the time limitation period for post-conviction relief began to run on April 8, 2005, the date on which the transcripts of proceedings were filed in this court in his direct appeal. Wilson's petition to vacate or set aside his sentence was filed on May 31, 2006, significantly more than 180 days after the filing of those transcripts. We reject Wilson's assertion that Foster triggered a new limitations period for filing a petition for post-conviction relief. Moreover, Wilson has not demonstrated that he can satisfy the requirements of R.C. 2953.23(A) and thus bring an untimely petition for post-conviction relief.
 {¶ 12} Wilson asserts that his appellate counsel properly preserved his challenge to his sentence by challenging his sentence on direct appeal under Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435; *Page 5 Ring v. Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 566; and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. As stated above, we overruled Wilson's assignment of error related to his sentence and affirmed the trial court's judgment. Wilson did not file a timely appeal with the Supreme Court of Ohio. Accordingly, under the doctrine of res judicata, Wilson is precluded from challenging his sentence in a petition for post-conviction relief.
 {¶ 13} Foster was decided by the Supreme Court of Ohio on February 27, 2006. "Foster requires that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., nonminimum, maximum and consecutive sentences), which was pending on direct appeal at the time that Foster was decided, must be reversed and remanded for resentencing." State v. Deloach, Montgomery App. No. 21422,2006-Ohio-6303, ¶ 22. We have consistently held that Foster does not apply retroactively to those cases that were neither on direct appeal nor still pending in the trial court when Foster was decided. Because Wilson's case was neither on direct appeal nor pending in the trial court when Foster was decided, Fosters holding is inapplicable to his case. Consequently, Wilson is not entitled to resentencing underFoster. Accordingly, his argument that the application ofFoster to his case upon remand would violate the Ex Post Facto Clause is moot.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1