OPINION
{¶ 1} Defendant, Brian Haney, appeals from his conviction and sentence for aggravated burglary, disrupting public service and abduction.
 {¶ 2} In the early morning hours of April 15, 2006, Defendant entered the Beavercreek apartment of Tammy Hayden *Page 2 
through the back door. Once inside, Defendant assaulted Hayden, knocking the phone out of her hand when she attempted to call police, cutting the phone line, and striking Hayden several times, causing physical injury to her face and neck. When Hayden attempted to escape, Defendant forcibly restrained her.
 {¶ 3} Defendant was indicted on one count of aggravated burglary, R.C.2911.11(A)(1), one count of disrupting public service, R.C.2909.04(A)(1), one count of abduction, R.C. 2905.02(A)(2), and one count of gross sexual imposition, R.C. 2907.05(A)(1). Pursuant to a plea agreement, Defendant entered pleas of guilty to the first three offenses alleged, and the State dismissed the gross sexual imposition charge. The parties jointly recommended a five year sentence. The trial court accepted Defendant's guilty pleas and imposed a five year sentence.
 {¶ 4} We granted Defendant leave to file a delayed appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ENTERED AN ILLEGAL SENTENCE HEREIN BY FAILING TO CONDUCT A CONSISTENCY ANALYSIS AS MANDATED BY O.R.C. 2929.11(B)."
 {¶ 6} Defendant argues that his sentence is contrary to law because the trial court made no findings regarding whether *Page 3 
its sentence was consistent with sentences imposed for similar crimes committed by similar offenders. Defendant contends that R.C. 2929.11(B) requires those findings. That section provides:
 {¶ 7} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 8} The trial court sentenced Defendant to five years for aggravated burglary, a felony of the first degree, five years for abduction, a felony of the third degree, and eighteen months for disrupting public service, a felony of the fourth degree. The trial court ordered all of the sentences to be served concurrently, for a total sentence of five years, which was a sentence the parties jointly recommended.
 {¶ 9} Defendant's sentence is authorized by law because the terms of imprisonment the court imposed for the first, third and fourth degree felonies to which Defendant entered guilty pleas to are within the statutorily authorized sentencing ranges for those felony levels, and therefore the *Page 4 
court was authorized to impose the sentences. See: R.C. 2929.14(A)(1), (3) and (4). Moreover, Defendant's sentence was recommended jointly by the defendant and the prosecution, and was imposed by the sentencing judge. Under those circumstances, Defendant's sentence is not reviewable on appeal. R.C. 2953.08(D); State v. Porterfield, 106 Ohio St. 3d 5,2005-Ohio-3095.
 {¶ 10} The General Assembly enacted R.C. 2953.08(D) to insulate a jointly recommended sentence from review precisely because the parties agreed that the sentence is appropriate. Id at ¶ 25. That remains applicable even after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See: State v. Woods, Clark App. No. 05CA0063, 2006-Ohio-2325. Furthermore, once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify that sentence. Porterfield.
 {¶ 11} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "APPELLANT'S PLEA HEREIN WAS NOT FREELY AND VOLUNTARILY ENTERED DUE TO CONFUSING AND MISLEADING STATEMENTS MADE BY THE TRIAL COURT HEREIN."
 {¶ 13} Defendant argues that his guilty plea was not knowing, intelligent and voluntary, Boykin v. Alabama (1969), *Page 5 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, because he was misled by the trial court's representations regarding his prospects of being granted future judicial release pursuant to R.C. 2929.20. We disagree.
 {¶ 14} During the plea colloquy between the trial court and Defendant the following transpired:
 {¶ 15} "THE COURT: Okay. Do you appreciate the fact because you've reached this agreement as to a specific sentence that you will not be receiving community control today nor will you be receiving judicial release? Do you understand that?
 {¶ 16} "THE DEFENDANT: I was told I would be able to file for judicial release after four years.
 {¶ 17} "THE COURT: Well, that would ordinarily — general speaking, judicial release is eligible for a person who receives a five-year sentence after four years, but you're stipulating a specific sentence which means that the State would oppose any judicial release.
 {¶ 18} "THE DEFENDANT: Okay.
 {¶ 19} "THE COURT: You're agreeing to the specific sentence. I just want to make it clear that that would not be happening.
 {¶ 20} "THE DEFENDANT: Right. *Page 6 
 {¶ 21} "THE COURT: Do you understand that?
 {¶ 22} "THE DEFENDANT: So I shouldn't even file it after four?
 {¶ 23} "THE COURT: I wouldn't do it.
 {¶ 24} "THE DEFENDANT: Okay.
 {¶ 25} "THE COURT: I wouldn't do it. Understanding all that I've just told you, the consequences of the sentence, in light of what you will do regarding the sentence that will be imposed, and these other matters, understanding that, is it your desire for me to proceed forward and to accept your change of plea to guilty?
 {¶ 26} "THE DEFENDANT: Yes, sir." (T. 10-11).
 {¶ 27} Defendant argues that the court's representations concerning judicial release were incorrect and confusing, and that as a result his guilty pleas were induced upon a misunderstanding by him of the consequences of his pleas vis-a-vis his opportunity for judicial release. We do not agree.
 {¶ 28} The statements the court made were in no way confusing or incorrect. The court merely advised Defendant that, because of the jointly recommended sentence, the court would not grant judicial release from that sentence after it was imposed. Nothing in what the court said could reasonably have raised an expectation that Defendant would be granted *Page 7 
judicial release, so as to induce him to enter his guilty pleas upon a misunderstanding.
 {¶ 29} In light of the court's explanation regarding judicial release, Defendant was made aware and subjectively understood the implications of his plea; that as a result of his guilty plea which included a jointly agreed upon five year sentence, Defendant was legally eligible for but would not be granted judicial release after four years. After explaining that to Defendant, the trial court asked Defendant if he still wanted to enter a guilty plea, to which Defendant responded, "Yes." Accordingly, this record demonstrates that the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty plea.
 {¶ 30} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. And FAIN, J., concur. *Page 1