OPINION
{¶ 1} On March 12, 2001, the trial court imposed consecutive sentences of six and two years on two drug charges to which Jason Colquitt pleaded guilty.
 {¶ 2} On June 27, 2006, Colquitt filed a pro se motion for "judicial recall of sentencing mandate", seeking resentencing. *Page 2 
 {¶ 3} The trial court treated Colquitt's motion as one for resentencing and overruled it for the reasons that Colquitt's sentence was beyond the reach of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, ¶ 104, and because Colquitt had not appealed his sentence.
 {¶ 4} On appeal, Colquitt argues that Foster should not be restricted to cases at the trial stage or on direct appeal because Foster "gutted" SB. 2, thus creating substantial changes in the sentencing law that warrant retroactive application due to ex post facto considerations.
 {¶ 5} We have held that Foster does not operate as an ex post facto law. State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405. We have also held that we are without jurisdiction to declare thatFoster's mandate operates as an unconstitutional ex post facto law.State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125. Finally, following Foster, we have restricted the Foster remedy to cases on direct appeal. See State v. Wilson (Sept. 7, 2007), Montgomery App. No. 21741.
 {¶ 6} Accordingly, Colquitt's assignments of error — which assert a substantial deprivation of federal constitutional rights due to the trial court's denial of his motion — are overruled.
 {¶ 7} The judgment will be affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1