OPINION
{¶ 1} Dejuan Kemp appeals from an order of the Clark County Court of Common Pleas, which denied his motion for post-conviction relief.
 {¶ 2} On March 17, 2003, Kemp pled guilty to involuntary manslaughter and *Page 2 
aggravated robbery. As part of the plea agreement, Kemp agreed to an aggregate sentence of sixteen years in prison. On March 26, 2003, the trial court sentenced him to eight years in prison on each count, to be served consecutively. Kemp's conviction and sentence were affirmed on January 20, 2004 (Clark App. No. 03-CA-25).
 {¶ 3} Kemp subsequently filed several motions to modify or reduce his sentence. Most recently, on June 5, 2006, Kemp filed a petition for post-conviction relief, asserting that his sentence was unconstitutional in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. On October 5, 2006, the trial court overruled the petition on the ground that Kemp had agreed to the sixteen-year sentence.
 {¶ 4} Kemp appeals the denial of his petition for post-conviction relief, arguing that he must be sentenced to minimum, concurrent terms of imprisonment. He asserts that retroactive application of Foster would violate his right to due process and United States Supreme Court precedent on ex post facto laws. Kemp argues that R.C. 2929.14 provided a presumption of minimum and concurrent sentencing, which was eliminated by Foster to his prejudice. Kemp's argument is without merit.
 {¶ 5} As an initial matter, we note that Kemp's sixteen-year aggregate sentence was within the statutory range for his offenses and was jointly recommended by the prosecutor and the defendant. "The General Assembly enacted R.C. 2953.08(D) to insulate a jointly recommended sentence from review precisely because the parties agreed that the sentence is appropriate. That remains applicable even after [Foster]." (Citation omitted) State v. Haney, Greene App. No. 06-CA-105, 2007-Ohio-5174, ¶ 10. Accordingly, the trial court correctly rejected Kemp's petition based on the agreed sentence. *Page 3 
 {¶ 6} Moreover, as Kemp acknowledges, we have held thatFoster does not operate as an ex post facto law. State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405. We have also repeatedly held that we are without jurisdiction to declare that Foster's mandate operates as an unconstitutional ex post facto law. E.g., State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125; State v.Colquitt, Clark App. No. 2006 CA 97, 2007-Ohio-5168. Accordingly, Kemp's argument that the mandate of the supreme court in Foster violates the United States Constitution is not cognizable in this court. In addition, we have consistently held that Foster does not apply retroactively to those cases that were neither on direct appeal nor still pending in the trial court when Foster was decided. E.g., State v. Wilson, Montgomery App. No. 21741, 2007-Ohio-4610. Because Kemp's case was neither on direct appeal nor pending in the trial court when Foster was decided,Foster's holding is inapplicable to his case. Consequently, Kemp is not entitled to resentencing under Foster.
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1