OPINION
{¶ 1} Defendant-Appellant Brian Haney appeals from the denial of his petition for post-conviction relief, following an evidentiary hearing. For the following reasons *Page 2 
we will affirm the judgment of the trial court.
 I {¶ 2} Haney was convicted of aggravated burglary, disruption of public service, and abduction, and he was sentenced to prison for five years. Haney appealed contesting his sentence and arguing that his plea was not knowingly and voluntarily made. We affirmed his convictions. State v.Haney, Montgomery App. No. 06CA105, 2007-Ohio-5174. He simultaneously filed a petition for post-conviction relief. The trial court conducted a hearing on the petition before denying it. Haney filed a timely notice of appeal.
 II {¶ 3} Haney's second assignment of error:
 {¶ 4} "THE TRIAL COURT'S DECISION DENYING THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF CLAIMS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE EVIDENTIARY HEARING REGARDING THE ADVISE (SIC) TRIAL COUNSEL GAVE TO THE APPELLANT PRIOR TO THE TRIAL COURT'S PLEA COLLOQUY, THUS MAKING THE GUILTY PLEA AN INVOLUNTARY PRODUCT OF COUNSEL'S DEFICIENT PERFORMANCE."
 {¶ 5} In his second assignment of error, Haney contends that the denial of his petition for post conviction relief was against the manifest weight of the evidence. When reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in *Page 3 
the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717.
 {¶ 6} The primary question of witness credibility lies with the finder of facts. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The factfinder may accept or reject all, part, or none of the testimony of each witness. State v. Antill (1964),176 Ohio St. 61, 67, 197 N.E.2d 548. "Because the trier of fact sees and hears the witnesses and is particularly competent to decide `whether, and to what extent, to credit the testimony of particular witnesses,' we must afford substantial deference to its determinations of credibility."In re J.S., Montgomery App. No. 22063, 2007-Ohio-4551, ¶ 50, quotingState v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 7} The thrust of Haney's argument is that the trial court should have believed his testimony over that of his trial attorney. However, "[a]n appellate court should not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict." In re CM., Montgomery App. No. 21363, 2006-Ohio-3741, ¶ 41. That is not the case here.
 {¶ 8} Haney's attorney's testimony succinctly contradicted each claim that Haney made. Based on all of the testimony, there is no indication that the trial court *Page 4 
clearly lost its way in choosing to believe the testimony of Haney's trial attorney rather than Haney's own testimony. Consequently, the trial court's decision was not against the manifest weight of the evidence. Haney's second assignment of error will be overruled.
 III {¶ 9} Haney's first assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF BY FINDING THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS (SIC) BARRED BY THE DOCTRINE OF RES JUDICATA."
 {¶ 11} In his first assignment of error, Haney claims that his ineffective assistance of counsel claims were not barred by res judicata because they could not be fully addressed without the introduction of material outside the record and therefore could not have been raised on direct appeal. In fact, much of the evidence offered at the hearing on Haney's petition consisted of conversations held between Haney and his attorney, which were necessarily held off the record. On that basis, we agree that res judicata was an inappropriate basis for denial of Haney's petition. However, as discussed above, the trial court found the testimony of Haney's trial counsel to be fully credible, while rejecting Haney's own testimony. Accordingly, any error in denial of the motion based on res judicata is harmless beyond a reasonable doubt.
 {¶ 12} Haney's first assignment of error will be overruled.
 IV {¶ 13} Having overruled both of Haney's assignments of error, the judgment of *Page 5 
the trial court will be affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1