OPINION
{¶ 1} Defendant, Divine Allah, a.k.a. Barry Davis, Jr., entered a plea of guilty to one count of possession of crack cocaine in an amount between twenty-five and one hundred grams, a felony of the first degree. R.C. 2925.11(A), (C)(4)(e). As part of a plea agreement, the parties jointly *Page 2 
agreed upon and recommended a four year prison sentence. The trial court imposed the parties' jointly recommended four year sentence, fined Defendant ten thousand dollars, and suspended Defendant's driver's license for five years.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence.
 {¶ 3} Defendant's appellate counsel filed a brief pursuant to the rule of Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has identified two possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE ALLEGED ACTIONS OF DEFENSE COUNSEL FOR APPELLANT DURING THE HEARING DID NOT QUALIFY AS INEFFECTIVE ASSISTANCE OF COUNSEL UNDER LAW."
 {¶ 6} Defendant raises an issue concerning whether his trial counsel performed deficiently by failing to inform him *Page 3 
that Defendant's guilty plea forfeited his right to challenge the trial court's decision overruling Defendant's motion to suppress evidence on appeal.
 {¶ 7} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id.; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 8} Because the essential facts on which Defendant's claim of ineffective assistance of trial counsel relies are outside the record before us, we cannot determine whether Defendant's trial counsel was ineffective for the reason cited. State v. Cooperrider (1983),4 Ohio St.3d 226. This assignment of error lacks arguable merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE SENTENCING OF THE DEFENDANT-APPELLANT DURING THE HEARING OF APRIL 8, 2008 CONFORMED TO THE STATUTORY REQUIREMENTS OF THE STATE OF OHIO."
 {¶ 10} Defendant was convicted of a first degree felony *Page 4 
offense that carries a mandatory prison term of three, four, five, six, seven, eight, nine, or ten years in prison. R.C. 2925.11(C)(4)(e); R.C. 2929.14(A)(1). The parties agreed that Defendant's sentence would be four years in prison. The trial court imposed the parties' jointly recommended four year sentence. The sentence imposed was authorized by law. Under these circumstances Defendant's sentence constitutes an "agreed sentence" that is not reviewable on appeal. R.C. 2953.08(D);State v. Haney, Greene App. No. 06CA105, 2007-Ohio-5174. This assignment of error lacks arguable merit.
 {¶ 11} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.
Copies mailed to:
Amy M. Smith, Esq.
David J. Cranmer, Esq.
Divine Allah
 Hon. Richard J. O'Neill *Page 1