OPINION
{¶ 1} Defendant-appellant Raymond Mack appeals his conviction and sentence for two counts of possession of crack cocaine (five to ten grams), two counts of possession of crack *Page 2 
cocaine (one to five grams), one count of discharging a firearm into a habitation, and one count of having a weapon while under disability.
 I {¶ 2} On July 20, 2007, Mack was charged by indictment in Case No. 2007 CR 2521 with one count of possession of oxycodone, one count of possession of powder cocaine, one count of possession of crack cocaine, and one count of theft of a license plate. Mack was indicted again on July 26, 2007, in Case No. 2007 CR 2916, for one count of possession of crack cocaine. On August 7, 2007, Mack was indicted a third time in Case No. 2007 CR 2617 for one count of possession of crack cocaine. Mack was indicted a fourth time on October 23, 2007, in Case No. 2007 CR 4118, for one count of discharging a firearm into a habitation and one count of having a weapon while under disability. On February 5, 2008, Mack was indicted for the fifth and final time in Case No. 2008 CR 0209 for one count of trafficking in heroin, one count of possession of powder cocaine, one count of possession of crack cocaine, and one count of having a firearm while under disability.
 {¶ 3} In exchange for the dismissal of several of the pending charges against him, on February 13, 2008, Mack plead guilty to two counts of possession of crack cocaine (five to ten grams) in Case No. 2007 CR 2521. Mack additionally plead no contest to two counts of possession of crack cocaine (one to five grams) in Case Nos. 2007 CR 2617 and 2008 CR 0209, one count of discharging a firearm into a habitation in Case No. 2007 CR 4118, and one count of having a weapon while under disability in Case No. 2008 CR 0209.
 {¶ 4} On February 27, 2008, the trial court sentenced Mack to an aggregate prison term of five years, to be served as follows: a mandatory five-year sentence in Case No. 2007 CR *Page 3 
4118; a three-year mandatory sentence in Case No. 2007 CR 2521; a three-year mandatory sentence in Case No. 2007 CR 2916; a three-year sentence and a twelve-month sentence in Case No. 2008 CR 0209; and a twelve-month sentence in Case No. 2007 CR 2617, all terms of incarceration to be served concurrently with the initial five-year mandatory sentence in Case No. 2007 CR 4118. Mack also received a six-month driver's license suspension.
 {¶ 5} Mack subsequently filed timely notices of appeal with this Court. Mack's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, in which counsel stated that he could not find any meritorious issues for appellate review. Appellate counsel concluded that the instant appeal was, therefore, frivolous. On September 8, 2008, we notified Mack of his appellate counsel's conclusions and afforded him the requisite time to file a pro se brief. Pursuant to our order, Mack filed a pro se brief on November 4, 2008.
 {¶ 6} This case is now before us for our independent review of the record. State v. Strickland, Montgomery App. No. 21682, 2007-Ohio-1750, citing Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346.
 I {¶ 7} Mack's appellate counsel has identified two potential issues for appeal and consolidated them into a single assignment as follows:
 {¶ 8} "DUE TO APPELLANT'S PLEAS OF GUILTY AND NO CONTEST, ALL AVENUES OF APPEAL, OTHER THAN WHETHER THE PLEA WAS KNOWING, INTELLIGENT, AND VOLUNTARY AND WHETHER COUNSEL WAS EFFECTIVE IN PROMOTING THE PLEA, ARE FORECLOSED."
 A *Page 4 {¶ 9} Due process requires the entry of a plea of guilty or no contest to be knowing, intelligent, and voluntary. State v. Engle,74 Ohio St.3d 525, 660 N.E.2d 450, 1996-Ohio-179. In order to implement that guarantee, a trial court, before accepting the plea must engage in an oral dialogue with the defendant in compliance with Crim. R. 11(C)(2)(a-c). State v. Strickland, 2007-Ohio-1750.
 {¶ 10} Crim. R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim. R. 11(C)(2)(a).
 {¶ 11} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. Boykin v. Alabama (1969),395 U.S. 238, 243, 89 S.Ct. 1709.
 {¶ 12} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th District No. 74392, citing McCarthy v.U.S. (1969), 394 U.S. 459, 466, 89 S.Ct. 1166. *Page 5 
Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
 {¶ 13} A defendant who challenges his no contest plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Goens (Oct. 10, 2003), Montgomery App. No. 19585, 2003-Ohio-5402; Crim. R. 52(A). The test is whether the plea would have been otherwise made. Id.
 {¶ 14} In reviewing the colloquy between the trial court and Mack, we find that the court substantially complied with the requirements set forth in Crim. R. 11(C), and that Mack's guilty and no contest pleas were made in a knowing and voluntary fashion. An examination of the record of the plea hearing in the instant case clearly establishes that the trial court fully complied with the requirements of Crim. R. 11(C)(2) before accepting Mack's guilty and no contest pleas. Thus, there is no arguable merit to the claim that Mack did not knowingly, intelligently, and voluntarily enter his pleas.
 B {¶ 15} The other potential issue raised by Mack's appellate counsel is whether the appellant received effective assistance of counsel during the plea stage of the proceedings. "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's *Page 6 
ineffectiveness." State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, citing State v. Lytle (1976), 48 Ohio St.2d 391, 396-397,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910,98 S.Ct. 3135.
 {¶ 16} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 17} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 18} In the proceedings before the trial court, Mack was competently represented by two experienced attorneys. One attorney represented Mack in all proceedings and negotiations which occurred prior to the actual plea hearing. The first attorney laid the groundwork for the five-year aggregate sentence that Mack ultimately received. After the first attorney withdrew as *Page 7 
counsel, the second attorney represented Mack at the plea hearing held on February 13, 2008, during which time Mack entered guilty and no contest pleas to the charges against him.
 {¶ 19} After thoroughly reviewing the record, we hold that Mack has failed to establish that he was provided ineffective assistance of counsel. The efforts of both attorneys resulted in Mack obtaining the dismissal of six additional felonies. Mack's attorneys' efforts also reduced a potential twenty-six year prison term to only five years of incarceration. There is no indication in the record before us that Mack was at all prejudiced by his attorneys' performance, quite the opposite, in fact. Thus, there is no arguable merit to the claim that Mack was deprived of the effective assistance in the proceedings before the trial court.
 III {¶ 20} In his pro se merit brief, Mack argues that his pleas should be reversed because he received ineffective assistance of counsel from both attorneys. Mack also contends that he did not understand the plea proceedings before the trial court, and that he was essentially forced by his attorneys and the court to enter his pleas. Lastly, Mack asserts that the trial court was biased against him.
 {¶ 21} With respect to his attorneys, Mack alleges that his trial counsel failed to properly investigate the charges against him, made mistakes in pretrial motions, failed to file pertinent motions, withdrew pending motions without his consent, missed appointments, failed to obtain relevant discovery, made misrepresentations regarding his pleas as well as the potential success of an appeal. Aside from being unsupported by the record, any non-jurisdictional defects raised by Mack which occurred prior to the voluntary entering of a plea of guilty or no contest are waived by said plea. State v. Randle, Montgomery App. No. 21931, 2007-Ohio-2967. *Page 8 
Because the essential facts upon which Mack's allegations of ineffectiveness rely are outside of the record before us, the issues are not properly raised in a direct appeal. State v. Allah, Clark App. No. 08 CA 0035, 2008-Ohio-6719, citing State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452. Lastly, the record contains no evidence which suggests that the trial court was in any discernible way biased against Mack.
 IV {¶ 22} After having concluded an independent review of the trial court's proceedings regarding Mack's voluntarily entered guilty and no contest pleas, we have not found any error of arguable merit. Thus, Mack's appeal is frivolous, and the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur. *Page 1