OPINION
{¶ 1} Stanley Ray Huddleson is appealing the judgment of the Montgomery County Common Pleas Court, which convicted him of aggravated murder and sixteen other charges.
 {¶ 2} In September of 2003, Huddleson stabbed his elderly mother to death when she refused to give him money. Afterwards, Huddleson rifled through his mother's purse, taking cash, credit cards, blank checks, and keys. He made the checks out to himself and cashed them. He also used the stolen credit cards.
 {¶ 3} Huddleson was arrested and indicted on 17 charges, including aggravated murder with a death specification. After an evaluation, he was found to be competent to stand trial. Approximately a month later, Huddleson wrote several letters to the judge and left several messages for him. Included in Huddleson's statements to the court were suggestions he was dissatisfied with his counsel. The substance of these communications concerned the judge, resulting in a second competency evaluation on the court's own motion. The second psychiatric evaluation confirmed the previous finding of competency.
 {¶ 4} After this second evaluation, the court asked Huddleson if he had any objections to on-going plea negotiations by his appointed counsel or to their continued representation. Huddleson stated he had no objections. Huddleson agreed to plead guilty to all of the charges. Upon formally entering his pleas, Huddleson was represented by two appointed attorneys. The record does not reflect removal of any appointed attorney. In fact, the record reveals the appointment of five different attorneys. In exchange for his pleas, the State stipulated the aggravating circumstances did not outweigh the mitigating factors. The parties agreed Huddleson would be sentenced to life imprisonment with the possibility of parole in thirty years for the aggravated murder charge and a fifteen year term on the remaining charges to be served consecutive to the life term.
 {¶ 5} Huddleson filed this appeal, raising the following assignments of error.
 {¶ 6} "[1.] Appellant was denied due process, fundamentalfairness, and his constitutionally guaranteed right to effectiveassistance of counsel through the trial court's failure toeffectively address appellant's complaints of defense counsel'sineffective assistance.
 {¶ 7} "[2.] Appellant was denied effective assistance ofcounsel through counsel's failure to file a motion to suppress."
 {¶ 8} We will address Huddleson's first and second assignments of error together. Huddleson argues the trial court failed to completely address his claims that his attorneys were ineffective. Huddleson argues his attorneys were ineffective for failing to file a motion to suppress. We disagree.
 {¶ 9} A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary. State v. Spates
(1992), 64 Ohio St.3d 269, 269. Even the denial of a defendant's right to counsel at a preliminary hearing is waived if the subsequent plea is knowing and voluntary. Id. A counsel's failure to file a motion to suppress has been determined to be waived by a guilty plea. State v. Kitzler, Wyandot App. No. 16-02-06, 2002-Ohio-5253, ¶ 13. Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed. Hill v. Lockhart (1985), 474 U.S. 52,52-53; State v. Xie (1992), 62 Ohio St.3d 521, 524; State v.Davis (Aug. 7, 2000), Butler App. No. CA980-6-134.
 {¶ 10} An appellate court reviews the record to determine if the plea was knowing, intelligent, and voluntary. State v.McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 18. The court must determine if the trial court substantially complied with Crim.R. 11 in accepting the plea. State v. Kelley (1991),57 Ohio St.3d 127, 128. Substantial compliance occurs when "the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108. If the rule was complied with, the plea was knowing, intelligent, and voluntary. McQueeney, supra at ¶ 24-30.
 {¶ 11} Huddleson first argues his plea was less than knowing, intelligent, and voluntary because the court did not fully consider his allegation that his attorneys were ineffective. This is not substantiated by the record. At the hearing where Huddleson accepted the plea negotiation agreement, he stated he had no objection to his counsels' continued representation. At the formal plea hearing held on a later date, Huddleson was represented by an additional attorney. When asked about his new attorney, Huddleson indicated he was satisfied with his representation. He acknowledged he had fully consulted with his new counsel and reviewed all of the evidence. The record before us reveals Huddleson expressed satisfaction with both the original attorneys and an additional attorney who was present when the pleas were actually entered.
 {¶ 12} The court substantially complied with Crim.R. 11 at the plea hearing. Prior to entering his pleas, the court advised Huddleson of the charges, the possible sentences, and found his pleas were voluntary. The court explained that by entering the pleas, Huddleson was waiving his rights to trial, to confront witnesses, to subpoena witnesses, and to require the State to prove his guilt. The court informed him he could not be compelled to testify against himself. Huddleson indicated he understood the rights he was giving up by entering his pleas.
 {¶ 13} In light of Huddleson's statements and the court's compliance with Crim.R. 11, we cannot say the pleas were less than knowing, intelligent, and voluntary. Twice Huddleson expressed satisfaction with representation by multiple attorneys and the negotiated plea bargain avoided a potential death sentence. Huddleson did not express any dissatisfaction with any of his attorneys at the time he plead guilty nor at sentencing.
 {¶ 14} Further, Huddleson claims his counsel was ineffective in failing to file a motion to suppress. Any alleged error in failing to file a motion to suppress is waived by his guilty pleas. Since Huddleson pled guilty to the charged offenses, he has waived any argument that his attorneys were ineffective in not filing a motion to suppress.
 {¶ 15} Huddleson's first and second assignments of error are without merit and are overruled.
 {¶ 16} The judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.