OPINION
{¶ 1} Defendant, Lavert Randle, was indicted on thirteen counts of rape of a child under thirteen years of age in violation of R.C.2907.02(A)(1)(b). The maximum penalty for those offenses is life imprisonment. On the morning Defendant's jury trial was to begin, Defendant entered into a plea agreement with the State. Pursuant to the terms of that *Page 2 
agreement, Defendant pled guilty as charged to eight of those counts and the State dismissed the remaining five counts. In addition, the parties agreed that Defendant would serve a mandatory twelve year prison sentence. The trial court accepted Defendant's guilty plea and imposed the parties' agreed sentence of twelve years in prison. The court also classified Defendant as a sexually oriented offender.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} Defendant is correct in his assertion that, having entered guilty pleas to these offenses, the only issues he can raise on appeal are whether he knowingly, intelligently and voluntarily entered his guilty pleas, and whether he received ineffective assistance from his trial counsel. Defendant's guilty pleas waive all non-jurisdictional defects in prior stages of the proceedings. Ross v. Common Pleas Courtof Auglaize County (1972), 30 Ohio St.2d 323. *Page 3 
 {¶ 4} As one potential issue for appeal, Defendant's appellate counsel raises the question of whether Defendant's guilty pleas were entered knowingly and voluntarily.
 {¶ 5} Due process requires the entry of a plea of guilty or no contest to be knowing, intelligent and voluntary. State v. Engle,74 Ohio St.3d 525, 1996-Ohio-179. In order to implement that guarantee, a trial court, before accepting a plea, must engage in an oral dialogue with the Defendant in compliance with Crim.R. 11(C)(2)(a)-(c).
 {¶ 6} An examination of the record of the plea hearing in this case demonstrates that the trial court fully complied with all of the requirements of Crim.R. 11(C)(2) before accepting Defendant's guilty pleas. Therefore, Defendant's pleas were knowing, intelligent and voluntary. State v. Nero (1990), 56 Ohio St.3d 106.
 {¶ 7} When he was initially asked by the trial court if the charges as explained by the prosecutor were true, Defendant responded "no." However, after further discussion with the court, Defendant recanted that statement and twice reaffirmed that he understood the charges against him and that they were true. On this record, there is no arguable merit to the claim that Defendant did not knowingly, intelligently, and voluntarily enter his pleas.
 {¶ 8} As another possible issue for appeal Defendant's *Page 4 
appellate counsel raises the question of whether Defendant received effective assistance from his counsel at trial.
 {¶ 9} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.Id., State v. Bradley (1989), 42 Ohio St.3d 136. Defendant's guilty plea waives his right to assert ineffective assistance of counsel except to the extent that counsel's errors caused Defendant's plea to be less than knowing and voluntary. State v. Huddleson (August 5, 2005), Montgomery App. No. 20653, 2005-Ohio-4029.
 {¶ 10} The record before us provides no basis to even reasonably suggest, much less a demonstration, that counsel performed deficiently. Although when asked by the trial court if he was fully satisfied with his counsel's performance in this case Defendant responded "no," it is clear from the record that Defendant's unhappiness stemmed from the fact that counsel had visited him only four times during the five months *Page 5 
Defendant spent in jail awaiting trial. Defendant did not assert that his counsel was not adequately prepared for trial, or that he wanted different counsel, or that he did not want to enter his guilty pleas while represented by this counsel. When given an opportunity by the trial court, Defendant refused to discuss his unhappiness with counsel any further, and continued with the entry of his guilty pleas during which time he periodically conferred with his counsel.
 {¶ 11} Counsel's efforts in this case resulted in a reduction in the number of first degree felony charges from thirteen down to eight, and a reduction in the sentence from life imprisonment to just twelve years. There is no assertion, much less any showing, that counsel's alleged deficient performance in failing to visit Defendant more often in the jail caused Defendant's pleas to be less than knowing and voluntary, or that but for those errors Defendant would not have entered his guilty pleas. State v. Huddleson, supra. No deficient performance by counsel has been demonstrated and thus there is no need to consider whether Defendant was prejudiced by counsel's performance. State v.Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448. There is no arguable merit to the claim that Defendant was deprived of the effective assistance of counsel at trial.
 {¶ 12} In addition to reviewing the possible issues raised by Defendant's appellate counsel, we have conducted an *Page 6 
independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1