[Cite as *State v. Salahuddin*, 2018-Ohio-1943.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-50 |
| | : | |
| v. | : | T.C. NO. 2017-CR-222 |
| | : | |
| MUHAMMAD I. SALAHUDDIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 18th day of May, 2018.

. . . . . . . . . . .

NATHANIEL LUKEN, Atty. Reg. No. 0087864, 55 Greene Street, First Floor, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee


PHILLIP HOOVER, Atty. Reg. No. 0034386, 77 West Main Street, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .


DONOVAN, J.

{¶ 1} On April 28, 2017, defendant-appellant, Muhammad I. Salahuddin, was indicted for the following offenses, to wit: Count I: trafficking in heroin, in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; Count II: possession of a controlled substance analog, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count III: trafficking in heroin, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; Count IV: possession of a controlled substance analog, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count V: trafficking in heroin, in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; Count VI: possession of a controlled substance analog, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count VII: trafficking in heroin, in violation of R.C. 2925.03(A)(1), a felony of the third degree; Count VIII: possession of heroin, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count IX: aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count X: possession of a controlled substance analog, in violation of R.C. 2925.11(A), a felony of the fifth degree. Also attached to the indictment was a specification indicating that a maroon 2007 Chrysler 300 owned by Salahuddin was subject to forfeiture.

{¶ 2} At his arraignment on May 5, 2017, Salahuddin pled not guilty to all of the offenses contained in the indictment. A jury trial was originally scheduled to be held on July 10, 2017. However, at a hearing held on July 12, 2017, Salahuddin pled guilty to Counts III, V, VII, and IX in return for dismissal of the remaining counts in the indictment. The trial court accepted Salahuddin's pleas and found him guilty of the four counts. The trial court also ordered the Greene County Adult Probation Department to prepare a pre-sentence investigation report (PSI). We note that at the plea hearing, Salahuddin

indicated to the trial court that he was currently on post-release control for a previous conviction for engaging in a pattern of corrupt activity.

{¶ 3} At Salahuddin's disposition on August 25, 2017, the trial court sentenced him as follows: Count III, trafficking in heroin, 18 months; Count V, trafficking in heroin, 12 months; Count VII, trafficking in heroin, 36 months; and Count IX, aggravated possession of drugs, to wit: fentanyl, a Schedule II drug, 12 months. The trial court ordered Salahuddin's sentences to be served consecutively, for an aggregate prison term of 78 months. Significantly, the record establishes that at no time did Salahuddin object to the sentence imposed by the trial court, nor did he file a pre- or post-sentence motion to withdraw his guilty pleas. Salahuddin filed a timely notice of appeal with this Court on September 12, 2017.

{¶ 4} Salahuddin's appeal is now properly before this Court.

{¶ 5} Salahuddin's sole assignment of error is as follows:

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL ADVISING APPELLANT TO ENTER A GUILTY PLEA TO POSSESSION OF FENTANYL WHERE THERE WAS NO EVIDENCE THAT APPELLANT HAD THE REQUISITE MENTAL STATE FOR CONVICION [sic].

{¶ 6} In his sole assignment, Salahuddin contends that he received ineffective assistance when his counsel advised him to plead guilty to Count IX, aggravated possession of drugs, because there was insufficient evidence to support his conviction for that offense. Specifically, Salahuddin argues that a statement made by his counsel at sentencing suggested that Salahuddin believed that he had purchased heroin to traffic,

not fentanyl. Therefore, Salahuddin argues that he could not be convicted for Count IX because the State would have been unable to prove that he "knowingly" possessed fentanyl, which is an element of the offense. We also note that according to the PSI, Salahuddin claimed that he did not know that the drug he had purchased and was selling as heroin contained fentanyl. However, Salahuddin also remarked to the drafter of the PSI that, "It's not like I forced him to buy it." We note that in the instant appeal, Salahuddin does not challenge his convictions and sentences for Counts III, V, and VII. Salahuddin's assignment of error relates solely to whether he received ineffective assistance when he was advised to plead guilty to Count IX, to wit: aggravated possession of fentanyl.

{¶ 7} We evaluate ineffective-assistance-of-counsel arguments in light of the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that analysis, to reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance. *Id.* at 668. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To succeed on such a claim, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the defendant's trial would have been different. *Id.*

{¶ 8} A plea of guilty is a complete admission of guilt. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9. Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily

entering his or her guilty plea. *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). If a defendant pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." (Citations omitted.) *Id.* Furthermore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52–53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). (Other citations omitted.)

{¶ 9} "For counsel to render effective assistance to a criminal defendant, [he or] she should, at the least, understand the basis of the criminal charges and possible defenses of those charges." (Citation omitted.) *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 29 (10th Dist.). " '[I]f an attorney does not grasp the basics of the charges and the potential defenses to them, an accused may well be stripped of the very means that are essential to subject the prosecution's case to adversarial testing.' " *Id.*, quoting *Scarpa v. Dubois*, 38 F.3d 1, 10 (1st Cir.1994).

{¶ 10} Put simply, due to his guilty plea, Salahuddin may raise a claim of ineffective assistance of counsel based on his counsel's advice to plead guilty to aggravated possession of drugs only if his counsel's alleged error rendered his plea other than knowing, intelligent, and voluntary. The reviewing court must therefore determine whether the trial court substantially complied with Crim.R. 11 in accepting the plea. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If the rule was complied with, the plea was knowing, voluntary, and intelligent. *Id.*

{¶ 11} Subject to certain exceptions not applicable here, R.C. 2925.11(A) prohibits

a person from knowingly obtaining, possessing or using a controlled substance or controlled-substance analog. A violation of R.C. 2925.11(A) involving fentanyl constitutes aggravated possession of drugs. R.C. 2925.11(C)(1); R.C. 3719.41 (Schedule II(B)(9)).

{¶ 12} At Salahuddin's plea hearing on July 12, 2017, the following exchange occurred:

Trial Court: Alright. I have some questions to ask about your representation to make sure you are satisfied. Have you and your attorney had a chance to talk about your case?

Salahuddin: Yes, sir.

Q: Have you and he for example talked about the nature of the charges; *potential defenses that might be available*; the fact that you don't have to plead guilty today; in fact, you can fight the case and have a trial; things like that?

A: Yes, sir.

Q: *Is it safe for me to conclude that you're completely satisfied with the advice, representation, and counsel you have received from your attorney*?

A: *Yes, sir.*

***

Q: So today I understand you're pleading guilty to Count 3, Trafficking in Heroin, in violation of Ohio Revised Code section 2925.03(A)(1), a felony of the 4th degree; Count 5, Trafficking in Heroin, in

violation of Ohio Revised Code section 2925.03(A)(1), a felony of the 5th degree; Count 7, Trafficking in Heroin, in violation of Ohio Revised Code section 2925.03(A)(1), a felony of the 3rd degree;

As well as Count 9, Aggravated Possession of Drugs[1], in violation of Ohio Revised Code section 2925.11(A), a felony of the 5th degree; as well as the Forfeiture Specification.

\*\*\*

Salahuddin: Yes, sir.

The Court: Did you understand what I read?

A: Yes, sir.

Q: And is that what you are planning to plead guilty to today?

A: Yes, sir.

Q: *Do you understand that if you plead guilty to these offenses you're making a complete admission that you committed the allegations contained in the charges?*

A: *Yes, sir.*

\*\*\*

Trial Court: \*\*\* How do you plead?

Salahuddin: Guilty.

Q: And are you making those pleas of guilty of your own free will?

---

[1] Although the trial court did not say fentanyl at this juncture, the trial court correctly identified the Ohio Revised Code section and level of offense. We note that Salahuddin's indictment identified fentanyl as the substance and he was served with a copy of the indictment on May 1, 2017.

A: Yes, sir.

Q: Knowingly?

A: Yes, sir.

Q: Intelligently?

A: Yes, sir.

Q: And voluntarily?

A: Yes, sir.

Q: Let the record reflect that the Defendant, Mr. Salahuddin, is making a knowing, intelligent, and voluntarily [sic] decision to withdraw her [sic] earlier not guilty pleas and tender pleas of guilty to the charges just read into the record and reflected in the Rule 11 Notification Waiver Form.

The Court finds that the Defendant has been informed of all of his constitutional rights and that he understands the nature of the charges, the effects of the guilty pleas, as well as the possible penalties which could be imposed.

Therefore the Court accepts the Defendant's pleas of guilty and finds him guilty beyond a reasonable doubt to the charges read into the record and reflected in the Rule 11 Notification and Waiver Plea form; and again said findings of guilt on all counts being beyond a reasonable doubt.

Let the record also reflect that the Court has complied with all of the requirements in Criminal Rule 11.

(Emphasis added.)

{¶ 13} The trial court informed Salahuddin of the nature of the charges against him,

the maximum sentences that he faced, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked Salahuddin whether he understood what he was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Salahuddin responded to all of these questions in the affirmative. Salahuddin acknowledged that he had discussed his case with his attorney, including the elements of the offenses with which he was charged, and, most importantly, his potential defenses. Salahuddin stated that his attorney had gone over the plea forms with him and that he was satisfied with his attorney's representation.

{¶ 14} Upon review, we conclude that the record reflects that Salahuddin knowingly, intelligently, and voluntarily entered into the plea agreement, which provided significant benefits to him. The State dismissed several of the felony charges against Salahuddin, which allowed him to face a significantly lesser sentence than if he had been convicted of all of the charges against him. At no point did Salahuddin express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy. Rather, Salahuddin affirmatively stated that he understood the rights, both constitutional and non-constitutional, he was waiving by pleading guilty. During the plea colloquy, the trial court identified the offenses to which Salahuddin would be pleading guilty and confirmed with him that these were the offenses to which he was agreeing to plead. The trial court also identified the potential penalties associated with each offense.

{¶ 15} Salahuddin did not claim he was innocent at the plea hearing, he did not ask any questions at the plea hearing, and there is nothing else in the transcript from the plea hearing that suggests that he was confused or under any type of duress prior to

entering his guilty pleas.    Moreover, at no point before or subsequent to sentencing did Salahuddin file a motion to withdraw his guilty pleas.

**{¶ 16}** Accordingly, we find that Salahuddin's guilty pleas were knowingly, voluntarily, and intelligently made, and there is no evidence in the record that his counsel was in any way ineffective for advising him to enter guilty pleas to any of the charged offenses, specifically Count IX, aggravated possession of drugs.

**{¶ 17}** Salahuddin's sole assignment of error is overruled.

**{¶ 18}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Nathaniel Luken
Phillip Hoover
Hon. Michael A. Buckwalter