[Cite as *State v. Batdorf*, 2020-Ohio-4395.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2020-CA-1 & |
| | : | 2020-CA-2 |
| v. | : | |
| | : | Trial Court Case Nos. 2019-CR-525 & |
| JEANNIE L. BATDORF | : | 2019-CR-526 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, Greene County Courts Building, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

KAREN S. MILLER, Atty. Reg. No. 0071853, P.O. Box 341274, Dayton, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Jeannie L. Batdorf appeals her conviction in Greene C.P. No. 2019-CR-525 for one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the first degree. Batdorf also appeals her conviction in Greene C.P. No. 2019-CR-526 for one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the third degree.[1] Batdorf filed a timely notice of appeal in each case on January 17, 2020. The cases have been consolidated on appeal.[2]

**{¶ 2}** The record establishes that on August 23, 2019, Batdorf was indicted in Case No. 2019-CR-525 on one count of aggravated trafficking in drugs (Count I) and one count of aggravated possession of drugs (Count II). The charges in Case No. 2019-CR-525 related to an incident that occurred on February 22, 2019. On the same day, Batdorf was indicted in Case No. 2019-CR-526 for one count of aggravated trafficking in drugs (Count I) and one count of aggravated possession of drugs (Count II). The charges in Case No. 2019-CR-526 related to an incident that occurred on April 7, 2019. In both cases, the indictments contained forfeiture specifications for drugs, instruments of criminal offenses, and cash. Batdorf was arraigned on both cases on August 30, 2019, and she pled not guilty to all of the charged offenses. At that time, charges were already pending against Batdorf in Case No. 2018-CR-675.

**{¶ 3}** In early November 2019, at a pretrial conference related to all three cases,

---

[1] On February 11, 2020, this Court consolidated the appeals in Case Nos. 2019-CR-525 and 526. *See* Greene App. Nos. 2020-CA-1 and 2020-CA-2.

[2] We note that in a separate case, *State v. Batdorf*, Greene C.P. No. 2018-CR-675, on appeal in Greene App. No. 2020-CA-3, Batdorf was found guilty after a jury trial of aggravated trafficking in drugs and aggravated possession of drugs, both felonies of the second degree. The offenses were merged, and Batdorf was sentenced to eight years in prison for aggravated trafficking. The appeal in Case No. 2020-CA-3 has not been consolidated with Case Nos. 2020-CA-1 and 2020-CA-2.

the parties apparently agreed that the cases would be tried together. However, on November 14, 2019, Batdorf filed a motion to sever. On November 18, 2019, the trial court granted Batdorf's motion to sever Case Nos. 2019-CR-525, 2019-CR-526, and 2018-CR-675. On January 2, 2020, pursuant to a written plea agreement, Batdorf pled guilty in Case No. 2019-CR-525 to Count I, aggravated trafficking in drugs, as well as the forfeiture specifications contained in the indictment.[3] In return for Batdorf's guilty plea, the State agreed to dismiss Count II, aggravated possession of drugs. The trial court accepted Batdorf's guilty plea and immediately proceeded to sentencing, imposing a prison term of eight years.

{¶ 4} Also on January 2, 2020, Batdorf pled guilty in Case No. 2019-CR-526 to Count I, aggravated trafficking in drugs, as well as the forfeiture specifications contained in the indictment. In return for Batdorf's guilty plea, the State agreed to dismiss Count II, aggravated possession of drugs. The trial court accepted Batdorf's guilty plea and imposed a prison term of three years. The trial court also sentenced Batdorf to eight years in Case No. 20180-CR-675. The trial court ordered Batdorf's sentences in Case Nos. 2019-CR-525, 2019-CR-526, and 2018-CR-675 to be served concurrently, for an aggregate sentence of eight years in prison, consistent with the parties' plea agreement.

{¶ 5} Batdorf now appeals from her convictions.

{¶ 6} Batdorf's sole assignment of error is as follows:

> DEFENDANT-APPELLANT'S CONSTITUTIONALLY GUARANTEED
>
> DUE PROCESS RIGHTS WERE VIOLATED WHEN SHE ENTERED

---

[3] At the hearing on January 2, 2020, in addition to accepting Batdorf's guilty pleas, the trial court also accepted the guilty pleas of defendants Brian Stoner and Nicole Hinds.

GUILTY PLEAS THAT WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE, IN PART DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, AND IN PART DUE TO A DEFICIENT PLEA COLLOQUY AND SHOULD THEREFORE BE CONSIDERED INVALID.

{¶ 7} Batdorf contends that her guilty pleas in Case Nos. 2019-CR-525 and 2019-CR-526 were not made knowingly, voluntarily, and intelligently, because she received ineffective assistance of counsel and the trial court's Crim.R. 11 colloquy was deficient. Specifically, Batdorf argues that the trial court failed to inform her that her guilty pleas and associated sentences in Case Nos. 2019-CR-525 and 2019-CR-526 were separate and distinct from her sentence in Case No. 2018-CR-675. Batdorf also argues that she did not understand that, if her appeal were successful and the verdict were reversed or the sentence modified in Case No. 2018-CR-675, the sentences in Case Nos. 2019-CR-525 and 526 would be unaffected. Appellant's Brief, p. 3. Furthermore, Batdorf argues that the trial court's failure to inform her of this fact during the Crim.R. 11 plea colloquy rendered it deficient. Batdorf contends that, had she been made aware of this, she would not have entered into the plea agreement and stipulated sentences.

### Ineffective Assistance of Counsel

{¶ 8} A plea of guilty is a complete admission of guilt. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9. Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). If a defendant pleads guilty on the advice of counsel, he or she must demonstrate

that the advice was not "within the range of competence demanded of attorneys in criminal cases." (Citations omitted.) *Id.* Furthermore, "[o]nly if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52-53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). (Other citations omitted.)

{¶ 9} "For counsel to render effective assistance to a criminal defendant, [the defendant] should, at the least, understand the basis of the criminal charges and possible defenses of those charges." (Citation omitted.) *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 29 (10th Dist.). " '[I]f an attorney does not grasp the basics of the charges and the potential defenses to them, an accused may well be stripped of the very means that are essential to subject the prosecution's case to adversarial testing.' " *Id.*, quoting *Scarpa v. Dubois*, 38 F.3d 1, 10 (1st Cir.1994).

{¶ 10} Put simply, due to her guilty plea, Batdorf may raise a claim of ineffective assistance of counsel based on her counsel's advice to plead guilty to aggravated trafficking of drugs only if her counsel's alleged error rendered her plea other than knowing, intelligent, and voluntary. As the reviewing court, we must therefore determine whether the trial court substantially complied with Crim.R. 11 in accepting the plea. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If the rule was complied with, the plea was knowing, voluntary, and intelligent. *Id.*

{¶ 11} At Batdorf's plea hearing on January 2, 2020, the following exchange occurred:[4]

---

[4] For clarity's sake, the questions asked of and the responses given by defendants Stoner

Trial Court: All right.   You're able to read, write, and understand the English language?

Batdorf: Yes.

Q: And you are a U.S. citizen?

A: Yes.

Q: Okay.   * * * [I]n the past 24 hours, have you had any drugs, alcohol, medicine, pills, or related-type substances?

A: No.

Q: As you sit here right now, are you alert, clear of mind, not under the influence of any substances, and totally capable of understanding what we are doing here today?

A: Yes.

Q: Now, have you and your Counsel together discussed the nature of the charges you're facing in your respective cases?

A: Yes.

Q: Do you understand what these offenses accuse you of doing?

A: Yes.

Q: Are you also aware of the facts that are the basis of the charges that the State of Ohio provided to you and your attorney through the discovery package that included the police reports and witness statements?

A: Yes.

---

and Hinds during this portion of the plea hearing have been redacted.   Thus, only the responses of Batdorf are presented here.

Q: And based upon those statements have – or those facts, have you and your Counsel discussed the topic of possible legal defenses, if any, that may apply in your case?

A: Yes.

Q: *Have you told your attorney everything that you think your Counsel needs to know in order to fully and properly represent you?*

A: *Yes.*

Q: *Has your Counsel answered your questions?*

A: *Yes.*

Q: *Are you satisfied with the legal advice you receive* [sic] *so far?*

A: *Yes.*

* * *

Q: * * * Has anyone caused you to feel like you have no choice but to plead guilty in your case?   And what I mean by that is, you also have the choice to have a jury trial.

A: Right.   I've agreed to this.

Q: Okay.   And have you felt rushed in any way in coming to your decision?

A: No.

Q: Has anyone caused you to feel pressured, coerced, compelled, manipulated, or frightened in any way in pleading guilty today?

A: No.

Q: From what you've told me, *can the record reflect * * * that your decision to enter a plea today is a decision you are making on your own; it is a free*

*choice, from more than one choice; you're doing to* [sic] *voluntarily without any improper influence or duress from any person or any other source?*

A: *Yes.*

* * *

Q: When we end the case in this manner, you'll be giving up the following Constitutional Rights:

The right to a speedy and public trial to a Jury;

The right to compulsory process, to require witnesses to come to trial to testify in [sic] your behalf;

The right to require the State to prove you guilty at trial beyond a reasonable doubt;

The right to confront witnesses who testify against you by cross-examining those witnesses;

And the right not to be compelled to be a witness against yourself at trial.

My first question is: Do you understand what those rights mean?

A: *Yes.*

Q: And you are willing to waive them, or give them up, in order to go forward with a change of plea?

A: *Yes.*

* * *

Q: Now, Ms. Batdorf this tells me that you're entering a plea to following charges:

In Case Number 525, to Aggravated Trafficking in Drugs, a felony of the first degree, with a forfeiture of cash in the amount of $2,264.21, as well as forfeiture of the drugs that apparently were seized.

In Case Number 526, a plea to Aggravated Trafficking in Drugs, a felony of the third degree. This case with a forfeiture spec of $211.80 of case monies as well as forfeiture of the drugs.

Is that your understanding?

A: Yes, sir.

Q: Do you appreciate for a felony of the first degree and a felony of the third degree that the maximum sentence you could receive from these two cases would be 14 years of imprisonment?

A: Yes.

Q: And the case – the first degree felony Case Number 525, whatever that sentence is must be a mandatory prison sentence –

A: Yes.

Q: -- probation is not an option; do you understand that?

A: Yes.

(Emphasis added.) Plea Transcript p. 9-19.

{¶ 12} Shortly thereafter, the following exchange occurred between the trial court and Batdorf:

Trial Court: Ms. Batdorf, your plea agreement says, in consideration of the guilty pleas to Count I in Case Number 525, and Count I in Case Number 526, felonies of the first degree and third degree respectively, the State

requests the Court to dismiss Count 2 in Case Number 525, and Count 2 in Case Number – I mean, in Case Number 526.

Defendant also agrees to all forfeiture specifications. State and Defendant stipulate that Defendant will serve an eight-year mandatory prison term 19 CR 525, a three-year prison term in 526 to run concurrently to one another, and also concurrently to a sentence previously imposed by this Court in 18 CR 675.

*What I just read is that your understanding of the position of the police and Prosecutor in your case?*

Batdorf: *Yes.*

Q: Are there any other deals or conditions or promises you think are favorable to you from the State of Ohio that I have not read?

(Whereupon, [Defense Counsel] confers with Defendant Jeannie Batdorf.)

A: No, sir. I'm fine.

Q: Now, Ms. Batdorf, I will just tell you right upfront before we go any further, I will honor the agreement that's been reached here, and I will impose the agreed upon sentence.

Because I will do so, do you understand that you may appeal anything the Court has done in this case with the singular exception of the actual eight-year sentence the Court imposes; do you understand that?

A: Yes.

*Id.* at p. 22-23.

{¶ 13} Upon review, we conclude that the record does not establish that Batdorf

received ineffective assistance of counsel when she waived her constitutional and non-constitutional rights and pled guilty to aggravated trafficking of drugs in Case Nos. 2019-CR-525 and 2019-CR-526. Rather, the record establishes that Batdorf understood the rights she was waiving and that she was satisfied with her counsel's performance. Batdorf has also failed to adduce any evidence that she was prejudiced by her guilty pleas or any information provided to her by her counsel during the plea proceedings. In fact, the record establishes that prior to entering her pleas, Batdorf unequivocally stated that had discussed all pertinent issues with her counsel and that counsel had answered all of her questions and addressed all of her concerns. As stated above, when asked if she was satisfied with her counsel's performance, Batdorf replied in the affirmative.

### Trial Court's Crim.R. 11 Colloquy

{¶ 14} Batdorf argues that the judge did not inform her that the sentences in Case Nos. 2019-CR-525 and 2019-CR-526, which were run concurrently to her sentence in Case No. 2018-CR-675, in which she had entered a guilty plea just one week prior, would not be affected by the outcome of her appeal of the 2018 case. She asserts that this "*was a non-constitutional right affecting her sentence that should have been fully explained during the plea colloquy.*" (Emphasis sic.) Appellant's Brief, p. 9. Batdorf does not cite to any case law or statute which supports her argument, and we reject this argument. Crim.R. 11(C)(2), which outlines the procedure a trial court must follow when taking a guilty plea, does not require the court to advise the defendant regarding how a possible reversal in one appeal may affect an appeal in the separate case. Thus, the absence of this information in a plea form or during a Crim.R. 11(C)(2) plea colloquy cannot be the basis for an appellant's claim that his or her guilty plea was not made in a

knowing, intelligent, and voluntary fashion.

{¶ 15} Rather, the record establishes that the trial court informed Batdorf of the nature of the charges against her, the maximum sentences that she faced, and the constitutional rights that she waived by foregoing a trial. Prior to accepting the plea, the trial court asked Batdorf whether she understood what she was doing, whether she was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Batdorf responded to all of these questions in the affirmative. Batdorf acknowledged that she had discussed his case with her attorney, including the elements of the offenses with which she was charged, and, most importantly, her potential defenses. Batdorf stated that her attorney had gone over the plea forms with her and that she was satisfied with her attorney's representation.

{¶ 16} The record reflects that Batdorf knowingly, intelligently, and voluntarily entered into the plea agreement, which provided significant benefits to her. The State dismissed two of the felony charges against Batdorf, which allowed her to face a significantly lesser sentence than if she had been convicted of all of the charges against her. At no point did Batdorf express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy. Rather, Batdorf affirmatively stated that she understood the rights, both constitutional and non-constitutional, that she was waiving by pleading guilty. During the plea colloquy, the trial court identified the offenses to which Batdorf would be pleading guilty and confirmed with her that these were the offenses to which she was agreeing to plead. The trial court also identified the potential penalties associated with each offense.

**{¶ 17}** Batdorf did not claim that she was innocent at the plea hearing, she did not ask any questions at the plea hearing, and there is nothing else in the transcript from the plea hearing that suggests that she was confused or under any type of duress prior to entering her guilty pleas. Accordingly, we find that Batdorf's guilty pleas were knowingly, voluntarily, and intelligently made, and there is no evidence in the record that counsel was in any way ineffective for advising her to enter guilty pleas to any of the charged offenses.

**{¶ 18}** Batdorf's sole assignment of error is overruled.

**{¶ 19}** Batdorf's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.


Copies sent to:

Marcy A. Vonderwell
Karen S. Miller
Hon. Stephen Wolaver