[Cite as *State v. Treece*, 2022-Ohio-1610.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29258 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-269 |
| | : | |
| DENNIS TREECE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Dennis Treece appeals his conviction for one count aggravated arson (harm to person), in violation of R.C. 2909.02(A)(1), a felony of the first degree, and one count of aggravated arson (occupied structure), in violation of R.C. 2909.02(A)(2), a felony of the second degree. Treece's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal, and he asks permission to withdraw as counsel. Counsel has identified two potential assignments of error: whether Treece received ineffective assistance of counsel and whether the trial court complied with sentencing guidelines as they related to violations of community control sanctions. On February 18, 2022, we notified Treece that his counsel had found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. Treece has not filed a brief.

**Procedural History**

{¶ 2} On February 4, 2021, Treece was indicted for two counts of aggravated arson (harm to person), both felonies of the first degree, and one count of aggravated arson (occupied structure), a felony of the second degree, related to a fire he started at his mother's residence in Dayton, Ohio, on January 25, 2021.

{¶ 3} On August 25, 2021, Treece pled guilty to one count aggravated arson (harm to person), a felony of the first degree, and one count of aggravated arson (occupied structure), a felony of the second degree. In return for Treece's pleas, the State agreed

to dismiss the remaining count.  On September 15, 2021, the trial court sentenced Treece to an indefinite term of five to seven and one-half years in prison for the first-degree felony offense and to five years on the second-degree offense.   The trial court ordered that the sentences be served concurrently, for an aggregate sentence of five to seven and one-half years in prison.

{¶ 4} Treece appeals.

## Analysis

{¶ 5} The first potentially meritorious assignment of error raised by counsel is:

[W]HETHER DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FACT THAT A MOTION TO SUPPRESS WAS NOT FILED[.]

{¶ 6} Treece contends that he received ineffective assistance of counsel when his attorney failed to file a motion to suppress.

{¶ 7} Alleged instances of ineffective assistance of trial counsel are reviewed under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   To prevail on an ineffective assistance claim, a defendant must establish: (1) that his or her trial counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 8} To establish deficient performance, it must be shown that trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 9} To establish prejudice, the defendant must demonstrate that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 10} "The failure to file a suppression motion is not per se ineffective assistance of counsel." *State v. Wilson*, 2d Dist. Clark No. 2008-CA-45, 2009-Ohio-2744, ¶ 11, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); *accord State v. Thomas*, 2d Dist. Clark No. 2010-CA-48, 2011-Ohio-1987, ¶ 15. "Rather, trial counsel's failure to file a motion to suppress constitutes ineffective assistance of counsel only if the failure to file the motion caused Defendant prejudice; that is, when there is a reasonable probability that, had the motion to suppress been filed, it would have been granted." (Citations omitted.) *Wilson* at ¶ 11; *State v. Nields*, 93 Ohio St.3d 6, 34, 752 N.E.2d 859 (2001). There is no such evidence in the record.

{¶ 11} Here, Treece waived his ineffective assistance claim by pleading guilty. "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary." *State v. King*, 2d Dist. Montgomery No. 23325, 2010-Ohio-2839, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Any non-jurisdictional defects raised by Treece which occurred prior to the voluntary entering of a guilty plea are waived by such a plea. *State v. Randle*, 2d Dist. Montgomery. No. 21931, 2007-Ohio-2967.

{¶ 12} The first potentially meritorious assignment of error is meritless.

{¶ 13} The second potentially meritorious assignment of error is as follows:

[W]HETHER THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH SENTENCING GUIDELINES AS TO TECHNICAL VIOLATIONS OF COMMUNITY CONTROL SANCTIONS.

{¶ 14} Treece argues that the trial court erred by failing to comply with sentencing guidelines regarding violations of community control sanctions.

{¶ 15} At the plea hearing, the trial court stated the following:

TRIAL COURT: Okay. You are, technically, eligible to be sentenced to community control sanctions for a period of up to five years which may include community residential sanctions, including up to 12 months of local jail time, and other non-residential sanctions. For violations of community control sanctions, you could be required to serve a prison term of up to – depending on what the sentence was, up to the maximum of 24 and a half years if the Court, again, were to run that consecutively. Do you

understand that, sir?

TREECE: Yes, sir, I understand that.

TRIAL COURT: Okay. Did I say that correctly, [Defense Counsel]?

DEFENSE COUNSEL: Yes.

Plea Hearing Tr. 8.

{¶ 16} The trial court correctly informed Treece of the maximum penalty to which he could be subjected if he were placed on community control sanctions that he subsequently violated them. The trial court informed Treece that there was no agreement on the record regarding the sentence he would ultimately receive, and Treece acknowledged that. Additionally, Treece stated that he had not been promised that he would receive community control in exchange for his guilty pleas. Upon review, we conclude that no potentially meritorious issues exist with respect to the trial court's discussion of community control sanctions at Treece's plea hearing.

{¶ 17} The second potentially meritorious assignment of error is meritless.

{¶ 18} Lastly, we note that at Treece's plea hearing, the trial court mistakenly advised him that he would be required to register with the violent offender database. At Treece's sentencing hearing, a different judge conducted the proceedings and advised Treece that the judge at the plea hearing was incorrect regarding the violent offender database. At sentencing, the trial court correctly advised Treece that he would have to register with the Ohio arson database in light of the nature of his crimes. The trial court also asked Treece if he wanted to withdraw his guilty pleas because he had initially been told he had to register with the violent offender database rather than the arson database.

Treece stated that he did not want to withdraw his pleas and wanted to proceed with sentencing. The trial court then advised Treece of the requirements to which he would be subjected when he registered with the arson database. After its recitation, the trial court asked Treece if he understood the requirements for the arson database, and Treece answered in the affirmative. Because the sentencing court correctly advised Treece regarding his duty to register with the arson database, as well as its requirements, we find no potentially meritorious issue exists here.

{¶ 19} We have performed our duty to independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review included scrutiny of the entire record, including the docketed filings, the plea hearing and sentencing hearing transcripts, and the presentence investigation report. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit.

### Conclusion

{¶ 20} Our independent review of the record reveals no non-frivolous issues for appeal. We agree with appellate counsel that Treece's appeal is frivolous. We grant counsel's request to withdraw from representation. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Daniel F. Getty
Dennis Treece
Hon. Mary Katherine Huffman